UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM HAZLETT, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL[1], <br><br> Defendant. | CIVIL ACTION NO. 3:17-CV-00670 <br><br> (MEHALCHICK, M.J.) |

## MEMORANDUM

This is an action brought under Section 1383(c) of the Social Security Act and 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security (hereinafter, "the Commissioner") denying Plaintiff William H. Hazlett, IV's, claim for a period of supplemental security income under Title XVI of the Social Security Act. (Doc. 1). The parties consented to the jurisdiction of the undersigned for the entry of a final disposition of this matter. (Doc. 17). For the reasons expressed herein, and upon detailed consideration of the arguments raised by the parties in their respective briefs, it is hereby ordered that the Commissioner's decision be **VACATED**.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

On May 30, 2014, Plaintiff William Hazlett ("Hazlett") filed an application for Title XVI benefits. (Doc. 9-5, at 2). In his application, Hazlett claimed disability beginning May 30,

---

[1] Pursuant to FED. R. CIV. P. 17(d), Acting Commissioner of the Social Security Administration replaces Carolyn W. Colvin, former Commissioner of the Social Security Administration and the originally named Defendant.

2005. (Doc. 9-5, at 2). The Social Security Administration initially denied Hazlett's claim on September 8, 2014. (Doc. 9-2, at 25). Hazlett filed a request for a hearing before an Administrative Law Judge ("ALJ") on October 21, 2014. (Doc. 9-2, at 25). ALJ Michelle Stolls conducted the requested hearing on September 14, 2015. (Doc. 9-2, at 25).

In a written opinion dated December 1, 2015, the ALJ determined that Hazlett is not disabled and therefore not entitled to the benefits sought. (Doc. 9-2, at 40). Hazlett appealed the ALJ's decision to the Appeals Council, who, on February 8, 2017, denied Hazlett's request for review. (Doc. 9-2, at 2). On April 13, 2017, Hazlett filed the instant action. (Doc. 1). The Commissioner responded on July 10, 2017, providing the requisite transcripts from the disability proceedings the same day. (Doc. 8; Doc. 9). The parties then filed their respective briefs (Doc. 11; Doc. 12; Doc. 13), with Hazlett alleging five errors warranted reversal or remand. (Doc. 11).

II. **THE ALJ'S DECISION**

In a decision dated December 1, 2015, the ALJ determined Hazlett "has not been under a disability within the meaning of the Social Security Act since May 30, 2014[;] the date the application was filed." (Doc. 9-2, at 26). The ALJ reached this conclusion after proceeding through the five-step sequential analysis required by the Social Security Act. *See* 20 C.F.R. § 404.1520.

At step one, an ALJ must determine whether the claimant is engaging in substantial gainful activity ("SGA"). 20 C.F.R § 416.920(a)(4)(i). If a claimant is engaging in SGA, the Regulations deem them not disabled, regardless of age, education, or work experience. 20 C.F.R. § 416.920(b). SGA is defined as work activity—requiring significant physical or mental activity—resulting in pay or profit. 20 C.F.R. § 416.972. In making this determination, the ALJ

must consider only the earnings of the claimant. 20 C.F.R. § 416.974. The ALJ determined Hazlett "has not engaged in [SGA] since May 30, 2014[;] the application date." (Doc. 9-2, at 27). Thus, the ALJ's analysis proceeded to step two.

At step two, the ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. 20 C.F.R. § 416.920(a)(4)(ii). If the ALJ determines that a claimant does not have an "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities, [the ALJ] will find that [the claimant] does not have a severe impairment and [is], therefore, not disabled." 20 C.F.R. § 416.920(c). If a claimant establishes a severe impairment or combination of impairments, the analysis continues to the third step.

> The ALJ found Hazlett:
>
> has the following severe impairments: liver disease/cirrhosis, asthma/chronic obstructive pulmonary disease (COPD), diabetes mellitus (DM) with peripheral neuropathy, depression/affective disorder/major depressive disorder/bipolar disorder, alcohol abuse, degenerative disc disease of the cervical spine with cervical radiculopathy, anxiety, degenerative disc disease of the lumbar spine, degenerative joint disease, dextroscoliosis and degenerative disc disease of the thoracic spine.
>
> (Doc. 9-2, at 28).

The ALJ also identified Hazlett's non-severe impairments as: bilateral carpal tunnel syndrome (CTS); narcotic withdrawal; history of tobacco abuse; history of drug use; mild degenerative disc disease of thoracic spine/mild thoracic spine dextroscoliosis; delusional disorder; hypercholesterolemia; genital warts; skin sore; weight loss abscess, and; condyloma acuminatum of penis. (Doc. 9-2, at 28).

At step three, the ALJ must determine whether the severe impairment or combination of impairments meets or equals the medical equivalent of an impairment listed in 20 C.F.R. Part

404, Subpt. P, App. 1 (20 C.F.R. §§ 416.920(d); 416.925; 416.926). If the ALJ determines that the claimant's impairments meet these listings, then the claimant is considered disabled. 20 C.F.R. § 416.920(a)(4)(iii). The ALJ determined that none of Hazlett's impairments, considered individually or in combination, met or equaled a Listing. (Doc. 9-2, at 28). Specifically, the ALJ considered Listings: 1.04 (disorders of the spine); 3.02 (chronic pulmonary insufficiency); 3.03 (asthma); 9.00 (endocrine disorders); 11.14 (peripheral neuropathies); 12.04 (affective disorders); 12.06 (anxiety related disorders), and; 12.09 (substance addiction disorders). (Doc. 9-2, at 28).

Between steps three and four, the ALJ determines the claimant's residual functional capacity ("RFC"), crafted upon consideration of the medical evidence provided. The ALJ determined that Hazlett:

> has the [RFC] to perform light work as defined in 20 CFR 416.967(b) however, his ability to work at that level is reduced in that he is limited to stooping, and climbing on ramps and stairs; must avoid occupations that require climbing on ladders, ropes, and scaffolds or kneeling, crouching, and crawling; must avoid occupations that require pushing or pulling with the lower extremities to include the operation of pedals; is limited to occupations that require no more than occasional overhead reaching, pushing and pulling with the upper extremities to include the operation of hand levers or overhead work; must avoid concentrated prolonged exposure to fumes, odors, dusts, gases, chemical irritants, environments with poor ventilation, temperature extremes, vibration, extreme dampness and humidity; must avoid all exposure to hazards such as dangerous machinery and unprotected heights; is limited to occupations requiring no more than simple, routine tasks, not performed in a fast-paced production environment, involving only simple, work-related decisions, and in general, relatively few work place changes; is limited to occupations which require no more than occasional interaction with supervisors and[] coworkers and no interaction with members of the general public, although he can be in proximity to the public; and is limited to occupations requiring low stress, defined as occasional decisionmaking required.
>
> (Doc. 9-2, at 31).

Having assessed a claimant's RFC, at step four the ALJ must determine whether the claimant has the RFC to perform the requirements of their past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). A finding that the claimant can still perform past relevant work requires a determination that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). Past relevant work is defined as work the claimant has done within the past 15 years, that was substantial gainful activity, and that lasted long enough for the claimant to learn how to do it. 20 C.F.R. § 416.960(b). If the claimant cannot perform past relevant work or has no past relevant work, then the analysis proceeds to the fifth step.

The ALJ determined Hazlett is unable to perform any past relevant work. (Doc. 9-2, at 38). The ALJ noted past relevant work in landscaping as a working supervisor, but the exertional requirements of the work exceeded Hazletts's RFC. (Doc. 9-2, at 38).

At step five of the sequential analysis process, an ALJ considers the claimant's age, education, and work experience to see if a claimant can make the adjustment to other work. 20 C.F.R. § 416.920(a)(4)(v). These factors are not considered when evaluating a claimant's ability to perform past relevant work. 20 C.F.R. § 416.960(b)(3). If a claimant has the ability to make an adjustment to other work, they will not be considered disabled. 20 C.F.R. § 416.920(a)(4)(v).

The ALJ made vocational determinations that Hazlett was 50 years old on the a application date, defined as an individual closely approaching advanced age by the Regulations. 20 C.F.R. § 416.963. (Doc. 9-2, at 38). The ALJ also noted that Hazlett "has a limited high school education and is able to communicate in English" as considered in 20 C.F.R. § 416.964. (Doc. 9-2, at 38). The ALJ determined that upon consideration of these factors, Hazlett's RFC, and the testimony of a vocational expert, "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (Doc. 9-2, at 39). The ALJ specifically

identified occupations of hand packager, sorter/sampler/tester/inspector, and stock clerk/marker. (Doc. 9-2, at 39).

As a result of this analysis, the ALJ determined that Hazlett was not disabled and denied Hazlett's applications for benefits. (Doc. 9-2, at 39).

III. **STANDARD OF REVIEW**

In order to receive benefits under Title II or Title XVI of the Social Security Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To satisfy this requirement, a claimant must have a severe physical or mental impairment that makes it impossible to do his or her previous work or any other substantial gainful activity that exists in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 416.905(a).

In evaluating whether a claimant is disabled as defined in the Social Security Act, the Commissioner follows a five-step sequential evaluation process. 20 C.F.R. § 416.920(a). Under this process, the Commissioner must determine, in sequence: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant is able to do past relevant work, considering his or her residual functional capacity ("RFC"); and (5) whether the claimant is able to do any other work that exists in significant numbers in the national economy, considering his or her RFC, age, education, and work experience. 20 C.F.R. § 416.920(a). The claimant bears the initial burden of demonstrating a medically determinable impairment that prevents him or her from doing past relevant work. 20

C.F.R. § 416.912(a). Once the claimant has established at step four that he or she cannot do past relevant work, the burden then shifts to the Commissioner at step five to show that jobs exist in significant numbers in the national economy that the claimant could perform that are consistent with his or her RFC, age, education, and past work experience. 20 C.F.R. § 416.912(f).

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court's review is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations omitted). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). The question before the Court, therefore, is not whether Hazlett is

disabled, but whether the Commissioner's finding that Hazlett is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 3:12-CV-02417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012) ("[T]he court has plenary review of all legal issues decided by the Commissioner.").

IV. **DISCUSSION**

Hazlett raises five points of error in his brief. (Doc. 11). He argues that the ALJ: erred in finding Hazlett retained the capacity for light work without substantial evidence to support such a conclusion; *de facto* reopened Hazlett's prior application; improperly afforded lesser weight to Hazlett's treating medical sources; erred in affording great weight to non-treating, non-examining sources, and; improperly relied upon consultative opinions who did not review the entire case file. (Doc. 11).

Plaintiff's brief, through these five points of error, emphasizes one theme: the ALJ's decision to afford greater weight to the non-treating, non-examining sources over Hazlett's treating physicians is in error. Four of Hazlett's five arguments discuss the ALJ's apportionment of weight at length. As such, the Court first addresses the weight afforded, rather than discussing the Plaintiff's arguments in the order presented.

In making the RFC determination, "the ALJ must consider all evidence before him" and "evaluate every medical opinion…receive[d]." *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d

112, 121 (3d Cir. 2000) (citations omitted); 20 C.F.R. § 404.1527(c); *see also Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) ("The Secretary must 'explicitly' weigh all relevant, probative and available evidence. . . . The Secretary may properly accept some parts of the medical evidence and reject other parts, but she must consider all the evidence and give some reason for discounting the evidence she rejects."). The Social Security Regulations define "medical opinions" as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including … symptoms, diagnosis and prognosis, what [the claimant] can still do despite [his or her] impairment(s), and … physical or mental restrictions." 20 C.F.R. §404.1527(a)(2). Social Security Ruling ("SSR") 96-5p further clarifies that "opinions from any medical source on issues reserved to the Commissioner must never be ignored," and specifically states that the ALJ's "decision must explain the consideration given to the treating source's opinion(s)."[2] SSR 96-5p.

SSR 96-6p addresses the weight afforded to treating medical sources. SSR 96-6p.[3] Because treating sources often have the closest ties to a claimant, their opinions are generally entitled to more weight. 20 C.F.R. § 404.1527(c)(2). Under certain circumstances, the medical

---

[2] SSRs are agency rulings published under the authority of the Commissioner and are binding on all components of the Social Security Administration. 20 C.F.R. § 402.35(b)(1). SSRs do not have the force and effect of the law or regulations but are to be "relied upon as precedents in determining other cases where the facts are basically the same." *Heckler v. Edwards*, 465 U.S. 870, 873, n.3 (1984).

[3] SSR 96-6p was published and became effective on July 2, 1996. Although since rescinded and replaced by SSR 17-2p, SSR 96-6p was in effect at the time the ALJ rendered the decision that is now before this Court.

opinion of a treating source may even be entitled to controlling weight. *See* 20 C.F.R. § 404.1527(c)(2); *see also* SSR 96-2p. A treating physician's opinion warrants controlling weight where the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). On the other hand, a treating source's opinion may be rejected "only on the basis of contradictory medical evidence . . . ." *Plummer v. Apfel,* 186 F.3d 422, 429 (3d Cir. 1999). Thus, even if a treating source's medical opinion is not entitled to controlling weight, it still may be entitled to significant deference. SSR 96-2p.

Upon establishing that a treating source's opinion is not entitled to controlling weight, an ALJ must weigh the opinion "using all of the factors provided in 20 CFR 404.1527," which are also used for evaluating opinions by non-treating and non-examining medical sources. SSR 96-2p. These factors include: (1) the examining relationship; (2) the treatment relationship, including its length and nature; (3) the supportability of the medical source's opinions; (4) consistency; (5) specialization; and (6) other relevant factors. 20 C.F.R. § 404.1527(c); *see also* SSR 96-6p ("The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker."). Further, 20 C.F.R. § 404.1527(c)(2) requires that the Commissioner "will always give good reasons in [their] notice of determination or decision for the weight [he or she] gives to [a claimant's] treating source's opinion." *See also Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981) (Finding the ALJ's articulation of the weight accorded to each medical opinion must be accompanied by "a clear and satisfactory explication of the basis on which it rests."). "Where a conflict in the evidence exists, the ALJ may choose whom to credit but 'cannot reject evidence for no reason

or the wrong reason.'" *Plummer*, 186 F.3d at 429 (quoting *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993)); *see also Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000).

The ALJ addressed four opinions regarding Hazlett's capabilities in her determination. The first opinion addressed is authored by Dr. Leo P. Potera, the State agency medical consultant, on September 8, 2014. (Doc. 9-2, at 36; Doc. 9-3, at 25-34). The ALJ observed that Dr. Potera opined that Hazlett "retains the physical residual functional capacity for light exertional work further limited by postural and environmental limitations." (Doc. 9-2, at 36). The ALJ afforded Dr. Potera's opinion "great weight"; finding the opinion "generally consistent with and supported by both the clinical and diagnostic findings documented in the treatment records from the claimant's treating and examining physicians[.]" (Doc. 9-2, at 36).

In the other opinion on physical limitations, the ALJ considered the opinion of consultative examiner Dr. Jay Willner rendered on August 28, 2014. (Doc. 9-2, at 36; Doc. 9-7, at 49). As summarized by the ALJ, Dr. Willner opined that Hazlett could: never lift and/or carry more than ten pounds, and; stand and walk a total of six hours each in an eight-hour workday. (Doc. 9-2, at 36). The ALJ gave Dr. Willner's opinion "mixed" weight. (Doc. 9-2, at 36). The ALJ gave Dr. Willner's opinion on Hazlett's ability to lift and carry little weight; stating that Dr. Willner's opinion that Hazlett's "lower extremity is weak [] is subjective." (Doc. 9-2, at 36). The remainder of the opinion is given great weight.

On mental impairments, the ALJ first considered the September 2, 2014, opinion of Dr. A. Perch; a non-treating, non-examining State agency consultant. (Doc. 9-2, at 36; Doc. 9-3, at 25-31). Dr. Perth:

> opines that the claimant's mental impairment causes mild restrictions of h[is] activities of daily living, moderate difficulties in h[is] abilities to maintain social functioning and concentration, persistence or pace, and resulted in no repeated

> episodes of decompensation, each of extended duration but retains the abilities to manage the mental demands of many types of jobs not requiring complicated tasks. This opinion is given great weight as it is consistent with and supported by the record evidence as a whole, including that received at the hearing level as well as the claimant's conservative level of treatment, and his self-reported level of functioning, as previously discussed.

(Doc. 9-2, at 36) (internal citations to the record omitted).

Lastly, the ALJ discusses the opinion of consultative examiner Dr. Alan Dubro. (Doc. 9-2, at 36; Doc. 9-7, at 40). In his August 28, 2014, opinion, Dr. Dubro:

> opines that the claimant's mental impairments ca[u]se one moderate and the remainder marked limitations. This opinion is given little weight. It is based on a one-time examination. It represents a snapshot of the claimant's functioning based almost exclusively on the claimant's and his friend's self-reporting. Moreover it is [in] stark contrast to and inconsistent with the claimant's presentation at his medical CE on that very same day.

(Doc. 9-2, at 36) (internal citations to the record omitted).

SSR 96-6p provides that the opinions of State agency medical and psychological consultants "may be entitled to greater weight that the opinions or treating of examining sources." SSR 96-6p. The Regulation provides one example: where the consultant reviewed a complete case record that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source. SSR 96-6p. "The Third Circuit has not upheld any instance, in any precedential opinion, in which an administrative law judge has assigned less than controlling weight to an opinion rendered by a treating physician based solely on one (1) opinion from a non-treating, non-examining examiner who did not review a <u>complete case record</u>." *Compton v. Colvin*, 218 F. Supp. 3d 316, 331 (M.D. Pa. 2016) (citing *Brown v. Astrue*, 649 F.3d 193 (3d Cir. 2011)) (emphasis in original).

There is no dispute that Dr's. Potera and Perth authored their opinions without the benefit of some evidence, though which records comprise the omitted evidence is in controversy. The Plaintiff asserts that neither the non-examining physicians, nor the ALJ, reviewed 168 pages of medical evidence in reaching their respective decisions. (Doc. 13, at 3). This assertion is belied by the ALJ's reference to documents contained within these submissions at both the hearing and in the decision to deny benefits. (Doc. 9-2, at 33, 62). The ALJ characterizes the post-opinion evidence as 46 pages which she "carefully considered along with all the other evidence of record in reaching [her] decision." (Doc. 9-2, at 25).

The other issue that arises when applying the facts of this case under the guidance of *Compton* and *Brown* is that neither Dr. Willner nor Dr. Dubro is a "treating" source that would be entitled to controlling weight under § 416.927(c). Both Dr. Willner and Dr. Dubro are examining sources, whose opinions are guided by § 416.927(c)(1) rather than (c)(2). Under (c)(1), more weight is still generally given to the opinion of an examining source over a non-examining source.

Here, the ALJ rejected a portion of Dr. Willner's opinion that would have limited Hazlett to less than light work because Dr. Willner's observation that Hazlett's lower extremity is weak is "subjective." (Doc. 9-2, at 36). It is well established that an ALJ may choose the weight to afford to conflicting medical opinions but "cannot reject evidence for no reason or for the wrong reason." See *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (quoting *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993)). The ALJ must explain the reasons for affording lesser weight to a piece of evidence. *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 505-06 (3d Cir. 2009). "The ALJ's explanation must be sufficient enough to permit the court to conduct a meaningful review." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119-20 (3d Cir. 2000).

The ALJ's cursory explanation for the rejection of Dr. Willner's physical findings is inadequate to permit meaningful judicial review. The only explanation offered is that "Dr. Willner says the claimant's lower extremity is weak but that is subjective." (Doc. 9-2, at 36). This explanation is devoid of citations to contradictory evidence of the record. The vague nature of the ALJ's rejection leaves the possibility of three interpretations.

First, the ALJ may be attempting to diminish the value of Dr. Willner's opinion because it is based on the subjective reports of Hazlett himself. The ALJ found the same basis for affording lesser weight to Dr. Dubro's opinion, but specifically stated that it was the subjective reporting of Hazlett and Hazlett's friend. In affording lesser weight to Dr. Willner's opinion, the ALJ does not similarly delineate the source of subjectivity. Summarily dismissing subjective reporting for a medically determinable impairment without citation to contrary medical evidence or discussion of credibility is a cause for concern. *See Wormuth v. Berryhill*, No. 4:17-CV-1298, 2018 WL 3469045, at *4 (M.D. Pa. June 1, 2018). To the extent the ALJ attempts to permissibly reject an opinion based primarily on subjective reporting, which may be done with a well-explained credibility determination – *See Romano v. Comm'r of Soc. Sec.*, No. 3:16-CV-00348, 2018 WL 1709409, at *7-8 (M.D. Pa. May 3, 2017) – the Court is without adequate explanation to determine Hazlett's reports as the basis for "subjective" rejection of Dr. Willner's opinion.

Second, the ALJ may be attempting to afford little weight because the subjectivity stems from Dr. Willner himself. Inherently, all opinions authored by a medical source include some manner of subjectivity as they are opinions. If the ALJ finds Dr. Willner's determination unsupported by medical evidence and thus purely subjective, this is not adequately explained.

The ALJ does not cite to contradictory medical evidence or even note an absence of supporting evidence for Dr. Willner's determination.

The only other possible explanation is that the ALJ impermissibly inserts her own lay opinion to supersede Dr. Willner's. Without the benefit of medical evidence to support the weight afforded, the rejection of Dr. Willner's determination as "subjective" would only otherwise be an attack on the methodology used in reaching the determination. But again, this is not explained.

"Subjective" is only offered as a standalone basis for rejection, without adequate explanation to determine the ALJ's basis in reaching such a conclusion, or what "subjective" is intended to mean in the context of Dr. Willner's opinion. Summarily dismissing a portion of an examining source opinion as "subjective" leaves far too much uncertainty to provide for meaningful judicial review. The Court cannot determine if the opinion of Dr. Willner on Hazlett's physical limitations is given little weight for good reasons and supported by substantial evidence. As Dr. Willner opined that Hazlett could not perform a range of work consistent with the RFC determined by the ALJ, Dr. Willner's opinion is important for reaching a benefits determination. Accordingly, remand is necessary for

Without the benefit of a proper analysis, the Court cannot affirm the decision reached by the ALJ.

V.  **CONCLUSION**

The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the case for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100-01 (1991). However, the Third Circuit advises that benefits should only be awarded where "the administrative record of the case has been fully developed and when

substantial evidence in the record as a whole indicates that the claimant is disabled and entitled to benefits." *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000). *See generally Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) ( "[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."). Because the Court concludes the ALJ erred in explaining the weight afforded to medical opinion evidence, depriving the Court of the opportunity for meaningful judicial review, further development of the record is necessary.

The decision of the Commissioner is **VACATED** and the case **REMANDED** for further proceedings, including a new hearing as needed and the opportunity to submit additional evidence accruing between the date of the ALJ's decision and the date of this Memorandum.

An appropriate Order follows.

Dated: August 31, 2018                              *s/ Karoline Mehalchick*
                                                    **KAROLINE MEHALCHICK**
                                                    **United States Magistrate Judge**